296 So.2d 8 (1974)
THE FLORIDA BAR, Complainant,
v.
Louis VERNELL, Respondent.
No. 44692.
Supreme Court of Florida.
March 13, 1974.
As Revised on Denial of Rehearing June 3, 1974.
Norman A. Faulkner, Tallahassee, and Harris J. Buchbinder, Miami, for complainant.
Louis Vernell, in pro per.
PER CURIAM.
This cause is before us on the Petition of the Florida Bar for approval of a conditional guilty plea and entry of final order of discipline.
A formal three-count complaint was filed against respondent by the Florida Bar on February 8, 1973; a formal one-count complaint was similarly filed on August 8, 1973. Subsequently, pursuant to the provisions of Integration Rule 11.13(6) (b),[1] respondent tendered a conditional guilty plea to Count III of the February *9 8th complaint, subject to approval by the Supreme Court, in exchange for the imposition of a public reprimand and the taxation of all costs.
The Executive Committee of the Board of Governors of the Florida Bar accepted the conditional guilty plea on November 14, 1973, subject to the approval by this Court.
We hereby approve the conditional guilty plea, and the filing of this opinion shall constitute a public reprimand, and execution is hereby directed to issue for the costs against respondent in the amount of $454.00.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, McCAIN, DEKLE and CARLTON (Retired), JJ., concur.
NOTES
[1] Rule 11.13(6)(b) provides, (6) Consent judgment.
.....
"(b) After Appointment of Referee and Bar Counsel. If an accused attorney states his or her desire to plead guilty to a grievance committee report or a filed complaint after a referee and Bar counsel are appointed, then Bar counsel, with the approval of staff counsel (or assistant staff counsel) and the designated reviewer, may advise the accused attorney of the discipline he will receive if a written plea of guilty is entered. No recommended discipline will be conveyed to the accused attorney unless the Bar counsel, staff counsel, and the designated reviewer are in complete agreement and that agreement is reduced to writing and made a part of the file. If an accused attorney tenders a plea of guilty in exchange for a stated form of punishment, and Bar counsel, staff counsel, and the designated reviewer cannot agree on acceptance or rejection of the conditional guilty plea, then the tendered plea will be referred to the Board of Governors for a final decision. Any proposed consent judgment more severe than a private reprimand shall before acceptance by The Florida Bar be submitted by The Florida Bar to the Supreme Court for approval."