374 So.2d 473 (1979)
THE FLORIDA BAR, Complainant,
v.
Louis VERNELL, Respondent.
No. 54918.
Supreme Court of Florida.
June 14, 1979.
Rehearing Denied September 20, 1979.
Paul A. Gross, Bar Counsel, Miami, and James P. Hollaway and Anita F. Dahlquist, Asst. Staff Counsels, Tallahassee, for complainant.
Louis Vernell, Miami Beach, in pro per.
PER CURIAM.
This disciplinary proceeding against Louis Vernell is before us on complaint of The Florida Bar, report of the referee, and petitions for review by Vernell and by the Bar.
A three-count complaint was filed against respondent, Louis Vernell. Count I alleged that Vernell had been charged and convicted in federal district court of the misdemeanors of failure to file income tax returns for the years 1967 through 1971 and that by such conduct he had violated Florida Bar Integration Rule, article XI, rule 11.02(3)(a) and (b), and Florida Bar Code of Professional Responsibility, DR 1-102(A)(3), (4), and (6). Count II charged that Vernell, *474 at the request of an Illinois attorney, agreed, upon the receipt of certain monies, to reinstate the criminal appeal of an out-of-state defendant which appeal had been previously filed by Vernell; that, at the time Vernell agreed to reinstate the appeal, he had no intention of taking further action in behalf of the defendant; that Vernell's representations were solely for the purpose of collecting reimbursement for his services in the first appellate proceedings; and that such conduct violated Florida Bar Code of Professional Responsibility. DR 1-102(A)(4) and (6), 6-101(A)(3), and 7-101(A)(2). In Count III, the Bar alleged that Vernell had been retained by the Thomases to represent them in a criminal case; that, at this same time, Vernell was a close friend and business partner of one Bill Johnson; that Bill Johnson was a confidential informant for the government in its case against the Thomases; that, on or about the day of trial, Vernell informed the Thomases that he had a conflict of interest due to his relationship with Johnson and advised them to plead guilty; that Vernell also informed the Thomases that, if they received a harsh sentence, they probably could void the guilty plea by claiming Vernell's conflict of interest; that Vernell had a conflict of interest in representing the Thomases, whether or not he knew that Johnson was a confidential informant; and that by such conduct Vernell violated Florida Bar Code of Professional Responsibility, DR 1-102(A)(5) and 5-105(A).
Vernell answered the complaint and denied that he was guilty of the unethical conduct charged. A hearing was conducted before a referee who made findings of fact and recommendations. As to Count I, the referee, refusing to go behind the convictions, found that Vernell had been convicted of the misdemeanors of failure to file income tax returns for the years 1967 through 1971 and that such adversely reflected on Vernell's fitness to practice law. The referee recommended that Vernell be found guilty of violating Florida Bar Integration Rule, article XI, rule 11.02(3)(a) and (b),[1] and Florida Bar Code of Professional Responsibility, DR 1-102(A)(6),[2] and that he be privately reprimanded. On Count II, while concluding that Vernell had never undertaken to represent the defendant, the referee found that Vernell had failed to make his position on representation completely clear and unambiguous to the defendant and by such conduct he was probably technically guilty of neglecting a matter entrusted to him. The referee recommended that Vernell be found guilty of violating Florida Bar Code of Professional Responsibility, DR 6-101(A)(3),[3] and that he receive a private reprimand. As to Count *475 III, the referee did not find that Vernell's conduct involved a conflict of interest or a failure to disclose as alleged in the complaint. Instead, he found that Vernell's misconduct was in suggesting to the Thomases to plead guilty and, if they received heavy punishment, then they could have their plea set aside due to his conflict of interest. The recommendation of the referee was that Vernell be found guilty of violating Florida Bar Code of Professional Responsibility, DR 1-102(A)(5),[4] and that he receive a public reprimand and be placed on probation for a period of six months.
The Bar has filed a petition for review arguing that, while it concurs in the referee's findings of fact and recommendations of guilt, it believes that the recommended discipline is inappropriate. The Bar urges this Court to suspend Vernell for one year. Vernell not only opposes the Bar's petition, but he has filed a cross-petition seeking review of the referee's findings and recommendations of guilt on the three counts.
Vernell argues, as to Count I, that the uncontroverted evidence submitted to the referee clearly shows that he was not guilty of willfully failing to file tax returns and the referee erred when he determined that he could not "go behind the convictions" in deciding whether or not Vernell was actually guilty of the tax offenses. We agree with the referee that he was not empowered to "go behind the convictions." Although Vernell was entitled to, and did in fact, present mitigating circumstances to show why he should not be disciplined for the misdemeanor convictions, he did not have the right to a trial de novo before the referee for the purpose of showing that his conviction was erroneous. The Fifth Circuit Court of Appeals and the United States Supreme Court have refused to overturn his convictions, and it was not for the referee nor is it for this Court to pass on the validity of these convictions. The referee's order reveals that he considered mitigating circumstances presented by Vernell on the question of whether his convictions warranted a finding of unethical conduct. Despite these mitigating factors, the referee found Vernell guilty of violating Florida Bar Integration Rule, article XI, rule 11.02(3)(a) and (b), and Florida Bar Code of Professional Responsibility, DR 1-102(A)(3), (4), and (6). This finding is supported by the record.
As to Count II, we agree with Vernell that there is an absence of competent evidence to support the referee's finding that he was guilty of neglecting a legal matter entrusted to him. The referee's conclusion is inconsistent with his finding that Vernell "could not be guilty as charged of neglecting a legal matter entrusted to him." The only specific finding upon which guilt was based was Vernell's failure "to make the situation completely clear in unambiguous and unmistakable terms." We hold that such a finding is not sufficient.
With regard to Count III, Vernell maintains that the referee's finding of guilt is erroneous because it is not based on matters charged in the complaint but on an unrelated matter which was first raised by the referee at the hearing. Vernell argues that the complaint only charged him with conflict of interest and failure to disclose, yet the referee's recommended discipline was based on his finding that Vernell had advised his clients he would help vacate their plea if they received a harsh penalty. Thus, Vernell argues, the referee found him guilty of misconduct not charged in the complaint. We reject this argument because the referee's finding was based on allegations of misconduct presented by the complaint.[5] The complaint put Vernell on *476 notice of both the charge and the facts underlying that charge. Under such circumstances, Vernell cannot be heard to complain that he was found guilty on a matter which was never charged in the complaint. We find competent evidence to support the referee's finding.
The remaining question is the appropriate form of discipline in light of our approval of the referee's findings of guilt as to Counts I and III. The Bar disagrees with the referee's recommended discipline and, instead, argues that because of Vernell's two previous reprimands,[6] a suspension of one year is more appropriate. We agree with the Bar that the referee's recommended discipline is too lenient. This Court deals more severely with cumulative misconduct than with isolated misconduct. The Florida Bar v. Rubin, 362 So.2d 12 (Fla. 1978). In view of Vernell's prior breaches of professional discipline and his cumulative misconduct in the present case, we hold that a suspension is appropriate. See The Florida Bar v. Solomon, 338 So.2d 818 (Fla. 1976).
Having adopted the referee's findings and recommendations of guilt on Counts I and III, we therefore suspend Louis Vernell from the practice of law for a period of six months, effective July 16, 1979. Vernell is further directed to pay the costs of these proceedings in the amount of $1,366.50.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] Fla.Bar Integr. Rule, art. XI, rule 11.02(3) provides:

(3) Moral conduct.
(a) Standards. The standards of professional conduct to be observed by members of the Bar are not limited to the observance of rules and avoidance of prohibitive acts, and the enumeration herein of certain categories of misconduct as constituting grounds for discipline shall not be deemed to be all-inclusive nor shall the failure to specify any particular act of misconduct be construed as tolerance thereof. The commission by a lawyer of any act contrary to honesty, justice or good morals, whether the act is committed in the courts of his relations as an attorney or otherwise, whether committed within or outside the State of Florida, and whether or not the act is a felony or misdemeanor, constitutes a cause for discipline.
(b) Crime. If the alleged misconduct constitutes a felony or misdemeanor, The Florida Bar may initiate disciplinary action whether or not the accused attorney has been tried, acquitted or convicted in a court for the alleged criminal offense; however, the Board of Governors may, in its discretion, withhold prosecution of disciplinary proceedings pending the outcome of criminal proceedings against an accused attorney if the Board believes that prosecution thereof might tend to prejudice the accused attorney in his defense or the state in the prosecution of the criminal proceedings.
[2] Fla.Bar Code Prof.Resp., Dr. 1-102(A)(6) provides:

(A) A lawyer shall not:
.....
(6) Engage in any other conduct that adversely reflects on his fitness to practice law.
[3] Fla.Bar Code Prof.Resp., DR 6-101(A)(3) provides:

(A) A lawyer shall not:
.....
(3) Neglect a legal matter entrusted to him.
[4] Fla.Bar Code Prof.Resp., DR 1-102(A)(5) provides:

(A) A lawyer shall not:
.....
(5) Engage in conduct that is prejudicial to the administration of justice.
[5] Paragraphs 32, 33, and 35 of the complaint alleged:

32. On or about the day of the trial on the above mentioned charges, Respondent told Shannon and Martin Thomas that he had a conflict of interest due to his relationship with Bill Johnson, and advised them to plead guilty to the charges against them.
33. Respondent advised Shannon and Martin Thomas that if the sentence imposed on them was not what they expected they could probably void the guilty plea by claiming a conflict of interest on respondent's part.
.....
35. By reason of the foregoing, respondent violated Disciplinary Rule 1-102(A)(5), and 5-105(A) of the Code of Professional Responsibility.
[6] One was a private reprimand of November 20, 1964, and the second was a public reprimand given by this Court on June 3, 1974. See The Florida Bar v. Vernell, 296 So.2d 8 (Fla. 1974).