386 So.2d 523 (1980)
THE FLORIDA BAR, Complainant,
v.
Melvyn GREENSPAHN, Respondent.
No. 57958.
Supreme Court of Florida.
May 15, 1980.
Rehearing Denied August 27, 1980.
Scott K. Tozian, Asst. Staff Counsel, Miami, and Anita F. Dahlquist, Asst. Staff Counsel, Tallahassee, for complainant.
*524 Melvyn Greenspahn, Miami, in pro. per.
PER CURIAM.
This disciplinary proceeding against Melvyn Greenspahn, a member of The Florida Bar, is before us on complaint of The Florida Bar, report of the referee, petition for review by the Bar, and cross-petition for review by Greenspahn.
The Bar seeks review of only the referee's recommended penalty of three months' suspension with automatic reinstatement on the basis that it is too lenient. Rather, the Bar proposes that six months' suspension with proof of rehabilitation is more appropriate. On the other hand, Greenspahn takes the position that the recommended penalty is too severe and should be diminished. We find that in view of Greenspahn's prior misconduct[1] and the cumulative misconduct presently before us, a six months' suspension is appropriate discipline.
These disciplinary proceedings were commenced by a six-count complaint against Greenspahn. The referee recommends that Greenspahn be found guilty of Counts I, III, and VI of the complaint, and the Bar does not challenge the referee's recommendation of not guilty as to the other three counts. The factual basis for Counts I, III, and VI is succinctly stated in the referee's report as follows:
As to Count I
(1) That the Respondent received funds belonging to clients (Norma and Julio Serrano) in the sum of $5,000.00, resulting from an insurance claim in October of 1975.
(2) That he failed to maintain said funds in a trust account and to promptly pay said funds to the clients.
(3) That in January of 1976, he did make restitution ... in mitigation the Respondent explained that he was engaged in difficulties with the Internal Revenue Service for which he was about to be incarcerated and was incarcerated in January of 1976.
.....
As to Count III
(1) That the Respondent received the sum of $980.00 on behalf of a client and failed to retain said funds in a trust account.
(2) That he failed to promptly pay said funds to the parties entitled to receive said funds, having received the funds on July 31, 1975, and having paid them to the parties entitled to receive them on April 19, 1977.
.....
As to Count VI
(1) That the Respondent had undertaken to represent a client in a dissolution of marriage proceeding. He received $325.00 as fees and costs.
(2) The Respondent admits that he undertook the matter and received the funds and did not perform any services on behalf of the client.
(3) The Respondent did return the funds, but part was returned after the Grievance Committee hearing on this matter.
Finding that Greenspahn's past disciplinary record was a public reprimand resulting from a federal misdemeanor conviction and determining that Greenspahn's period of difficulties from 1974 to 1977 stemmed in part from his difficulty with the Internal Revenue Service which eventuated in his misdemeanor conviction, the referee recommends a three-month suspension with automatic reinstatement.
The Florida Bar suggests that this disciplinary penalty is too lenient when compared with penalties meted out in other cases for similar cumulative misconduct.
In considering the appropriate penalty in a disciplinary matter, we consider prior misconduct and cumulative misconduct as relevant factors. The Florida Bar v. Welch, 272 So.2d 139 (Fla. 1972). In The *525 Florida Bar v. Vernell, 374 So.2d 473 (Fla. 1979), which is analogous to the present disciplinary proceeding, we said:
This Court deals more severely with cumulative misconduct than with isolated misconduct. The Florida Bar v. Rubin, 362 So.2d 12 (Fla. 1978). In view of Vernell's prior breaches of professional discipline and his cumulative misconduct in the present case, we hold that a suspension is appropriate. See The Florida Bar v. Solomon, 338 So.2d 818 (Fla. 1976).
374 So.2d at 476.
We likewise find under the circumstances of the case before us, a six-month suspension with proof of rehabilitation is warranted by Greenspahn's cumulative misconduct and prior disciplinary record.
Accordingly, we hereby suspend Melvyn Greenspahn from the practice of law for a period of six months, effective June 16, 1980. Greenspahn is further directed to pay the costs of these proceedings in the amount of $1,107.00.
It is so ordered.
ENGLAND, C.J., and OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion, with which ADKINS, J., concurs.
BOYD, Justice, concurring in part and dissenting in part.
I would favor the recommendation of the referee providing for a three-month suspension with automatic reinstatement together with payment of costs.
ADKINS, J., concurs.
NOTES
[1] Greenspahn was previously publicly reprimanded by this Court as a result of a federal misdemeanor conviction for willful failure to file income tax returns for the years 1968-1971. The Florida Bar v. Greenspahn, 366 So.2d 396 (Fla. 1978).