ALDERMAN, Justice,
concurring in part, dissenting in part.
Respondent Melvyn Greenspahn has been before this Court on two other occasions. The first time was in The Florida Bar v. Greenspahn, 366 So.2d 396 (Fla.1978), in which he was publicly reprimanded for his willful failure to file income tax returns and his subsequent conviction of a criminal misdemeanor for such misconduct. The second time was in The Florida Bar v. Greenspahn, 386 So.2d 523 (Fla.1980), in which he received a six months’ suspension for two incidents involving his failure to maintain and to promptly pay trust funds to his clients and for a separate incident involving his failure to return unearned fees and costs advanced by his client until after a hearing of the client’s complaint by the grievance committee.
In the present case, Greenspahn has been found guilty of four additional counts of misconduct. First, the referee found that Greenspahn did not attend a pretrial conference in a lawsuit which he had filed on behalf of one of his clients and that, as a result, the case was dismissed. Thereafter, Greenspahn failed to advise his client that the case had been dismissed and misrepresented to his client that the case was still pending and had been ultimately settled by him for $2,500. Greenspahn gave his client a check for $2,500, representing that it was the proceeds from the settlement. The check was returned for insufficient funds, and the client never received any money from the dismissed lawsuit. Second, the *184 referee found that Greenspahn, in a wrongful death action which he had filed on behalf of the decedent’s estate, negligently allowed the lawsuit to be dismissed for lack of prosecution. Third, the referee found that Greenspahn, after having undertaken the representation of a client under a contingent fee contract and after having determined that there were problems, failed to advise his client of what he was doing to try to settle the case or to advise his client that under no circumstance did he intend to litigate the client’s claim. The referee concluded that Greenspahn should have timely advised his client that he had exhausted his settlement efforts and that he was not going to file suit so that the client could have sought other counsel. Fourth, the referee found Greenspahn guilty of misconduct involving his handling of a $7,500 personal injury settlement on behalf of another client. During this transaction, Greenspahn gave his client at least two trust account checks that were returned for insufficient funds. The referee stated: “There is absolutely. no excuse for this and again is a reflection that Respondent played fast and loose with his own account, his office account and his trust account and did not fully understand (or willfully ignored) the total responsibility in regard to trust accounts that should be recognized by every qualified and acting professional attorney.”
I agree that the four acts of misconduct in the present case and the three acts of misconduct for which Greenspahn has already been suspended should be considered together and that the appropriate discipline should be determined from the totality of the conduct as though all of the charges had been presented to us in one proceeding. I disagree, however, that the appropriate penalty is suspension for eighteen months. This case does not involve isolated instances of misconduct. Rather, it appears that Greenspahn is guilty of a persistent course of misconduct over several years. In addition, his criminal failure to file income tax returns indicates a disrespect for the law. The practice of law is a privilege, not a right. Greenspahn has abused this privilege. Over a number of years he has clearly demonstrated that he does not measure up to the high standards of the profession. By his conduct he has forfeited the privilege of practicing law. I would accept the referee’s recommendation that Greenspahn be disbarred.