EHRLICH, Justice.
This disciplinary proceeding is before us following a complaint by The Florida Bar and hearings thereon before a referee appointed by this Court. Both the bar and respondent petition for review of the referee’s report. We have jurisdiction. Art. V, § 15, Fla. Const.
The facts culminating in the bar’s complaint arose from respondent’s representation of William Fahrenkopf. In 1978 Fah-renkopf was rendered a paraplegic after having surgery performed at Jackson Memorial Hospital in Miami. Fahrenkopf unsuccessfully attempted to secure legal representation to pursue his claims against the hospital and doctors. In November 1980, shortly before the statute of limitations would have barred his claims, Fahrenkopf contacted respondent, a friend for twenty years. Realizing that time was of the essence, respondent filed a claim on Fahren-kopf’s behalf. In June 1981 respondent persuaded Fahrenkopf to retain attorney Schlesinger who specialized in medical malpractice claims; a retainer and contingent fee agreement was entered into by Fahren-kopf and Schlesinger on June 24. Both Schlesinger and respondent testified below that they had no agreement as to a division of fees. Respondent testified that once Schlesinger was retained he anticipated playing no further role in representing Fahrenkopf.
On July 19,1981 Fahrenkopf executed an agreement whereby respondent would receive ten percent of any recovery realized from the malpractice claim. According to Fahrenkopf’s sworn statement introduced as evidence below, Fahrenkopf wanted respondent to stay active in the case and also desired to compensate respondent for the many personal kindnesses respondent had shown him over the years.
The malpractice claim was settled in May 1983 for one million dollars cash. The settlement check was made payable to Schlesinger, Fahrenkopf and respondent; each endorsed the check and it was deposited in Schlesinger’s trust fund account. Schlesinger then distributed the proceeds with each attorney receiving $200,000 plus costs reimbursement and $582,998 for Fahrenkopf as net settlement proceeds. Schlesinger entrusted respondent with the client’s settlement check which was made payable to Fahrenkopf individually. Respondent added his own name as payee to Fahrenkopf’s check, had Fahrenkopf endorse it and then deposited the check in respondent’s trust *1229 account. Respondent then issued his own trust account check to Fahrenkopf in the amount of $482,998, reflecting a reduction of $100,000 pursuant to the July 1981 agreement between Fahrenkopf and the respondent. Subsequently, a civil suit was filed by Fahrenkopf against respondent over this $100,000 and was settled when respondent returned approximately $60,-000.
The bar filed a three-count complaint against respondent, alleging that respondent’s adding his name as payee to the settlement check constituted a material alteration of a negotiable instrument (Count I), that respondent failed to deliver the funds of a client (Count II), and that respondent obtained funds from settlement proceeds without a properly executed written retainer agreement or closing statement (Count III).
Following the hearing below the referee found respondent guilty on Count I, and viewing respondent’s adding his name as payee on Fahrenkopf’s check to be a violation of Disciplinary Rule 1-102(A)(4) and (6) and Integration Rule 11.02(4). Although considering respondent’s adding his name as payee on the client’s check to be an unethical procedure, the referee specifically found that Fahrenkopf received all funds due and, therefore, recommended that respondent be found not guilty of Counts II and III. The referee recommended that respondent receive a public reprimand. The bar petitions this Court to reject the referee’s findings of not guilty on Counts II and III and suggests that, because of the facts of this case and respondent’s disciplinary history, disbarment is the only appropriate sanction. Respondent cross-petitions for review of the finding of guilt on Count I and the imposition of any discipline.
We approve the referee’s recommendation of guilty on Count I and not guilty on Counts II and III. These recommendations are supported by the evidence and neither the bar nor respondent has shown that the referee’s recommendations are erroneous, unlawful or unjustified. See Fla.Bar In-tegr. Rule, art. XI, Rule 11.09(3)(e). We do, however, believe that the referee’s recommendation of a public reprimand is inadequate under the circumstances. Respondent has been disciplined by this Court on three previous occasions: he received a private reprimand in 1964, a public reprimand in 1974[1] and a six-month suspension in 1979.[2] In view of respondent’s previous misconduct and the facts of the case before us, we are of the opinion that a suspension is the appropriate discipline.
Accordingly, it is the judgment of the Court that respondent be suspended from the practice of law for three months and one day, thus requiring proof of rehabilitation prior to reinstatement. So that respondent can make arrangements to protect his clients’ interests, this suspension will be effective thirty days from the date of filing this opinion. Respondent shall accept no new business from the date of this opinion. Judgment for costs in the amount of $4,302.96 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and ADKINS, OVERTON, SHAW and BARKETT, JJ., concur.
BOYD, J., concurs in part and dissents in part with opinion.

. The Florida Bar v. Vernell, 296 So.2d 8 (Fla. 1974).

. The Florida Bar v. Vernell, 374 So.2d 473 (Fla. 1979).