643 So.2d 1080 (1994)
THE FLORIDA BAR, Complainant,
v.
John D. RUE, Respondent.
Nos. 79522, 80207.
Supreme Court of Florida.
October 20, 1994.
*1081 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Jan K. Wichrowski, Bar Counsel, Orlando, for complainant.
John A. Weiss, Tallahassee, and Patricia S. Etkin, Co-Counsel, Plantation, for respondent.
PER CURIAM.
The Florida Bar petitions for review of the referee's findings of fact and recommended sanctions concerning John D. Rue. Rue cross-petitions for review of the referee's denial of his motion to dismiss the disciplinary proceedings. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
Case No. 79,522 involves allegations of numerous instances of improper solicitation of clients (including allegations that Rue paid a percentage of the fees obtained to his investigators and legal assistants), improper monetary advances to clients, and improper business transactions with clients. The referee, Orange County Judge Janis Mary Halker, found that the allegations of improper solicitation were not proven by clear and convincing evidence. However, the referee found, and Rue admitted, that he advanced money to clients for living expenses and made automobile sales to clients without written disclosure and transmittal to the client and without written client consent. The referee recommended that Rue be found guilty of violating the following Rules Regulating The Florida Bar in connection with Case No. 79,522: rule 4-5.4(a) (sharing legal fees with a non-lawyer); rule 4-1.8(a) (entering into a business transaction with a client or knowingly acquiring another pecuniary interest adverse to a client without meeting the proper requirements); and rule 4-1.8(e) (providing financial assistance to a client in connection with pending or contemplated litigation).
Case No. 80,207 involves misconduct relating to Rue's representation of Paul and Karen Douglas. The complaint alleged various improprieties relating to Rue's contract of employment with the Douglases, including that Karen never signed the contract, that Rue failed to supply a copy of the contract or statement of client's rights until demanded by the Douglases several months later, and that the contract included clauses requiring a penalty upon termination of Rue's services and a fee for collection of personal injury protection (PIP) benefits which did not require any legal work. The complaint also alleged that Rue failed to provide the Douglas case with the required diligence and participation and that he engaged in improper business activities with Paul by attempting to sell him an automobile. The referee recommended that Rue be found not guilty of the last two counts because the Bar failed to prove the allegations by clear and convincing evidence. As to the first count, the referee found that Rue's failure to obtain Karen's signature and failure to provide the Douglases with a copy of the contract were not a course of conduct, but an oversight which did not adversely affect the Douglases' rights. Although the referee found that the contract did contain the termination penalty and the PIP recovery fee provisions, she found that the provisions had not been used in a punitive or improper manner. The referee recommended that Rue be found guilty of violating the following Rules Regulating The Florida Bar in Case No. 80,207: rule 4-1.5(a) (entering into an agreement for, charging, or collecting an illegal, prohibited, and/or clearly excessive fee); and rule 4-1.5(f)(4)(B) (having written contingent fee contract exceeding 33 1/3 percent of recovery in regard to the PIP recovery fee).
The referee consolidated the two complaints for purposes of final hearing and also *1082 heard evidence relating to a Notice of Inclusion filed by the Bar. The Notice of Inclusion charged Rue with further misconduct relating to clients Wolf and DeCicco, including solicitation, improper business transactions, and conflict of interest. The referee recommended that Rue be found not guilty of all the charges in the Notice of Inclusion, finding record evidence that Wolf hired Rue on his own initiative and no evidence to establish the other allegations.
The referee found that Rue had no prior disciplinary history, was admitted to the bar in 1974, and had a history of active participation in local charity and civic organizations. The referee recommended that Rue receive a public reprimand, be placed on probation for six months, and be required to complete an ethics course. Although the referee recommended that the costs and expenses of the proceedings be charged against Rue, she recommended that Rue only be charged for half of the investigation expenses and transcript costs because he had been found not guilty of the bulk of the charges.
The Bar argues that the findings of fact and determinations of not guilty relating to the improper solicitation allegations are erroneous and lack support in the evidence. The Bar also contends that the recommended discipline is wholly inadequate for the guilt findings made by the referee and that Rue should instead be suspended for three years.
A referee's findings of fact regarding guilt carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record. The Fla. Bar v. Vannier, 498 So.2d 896, 898 (Fla. 1986). If the referee's findings are supported by competent, substantial evidence, this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee. The Fla. Bar v. MacMillan, 600 So.2d 457, 459 (Fla. 1992). The party contending that the referee's findings of fact and conclusions as to guilt are erroneous carries the burden of demonstrating that there is no evidence in the record to support those findings or that the record evidence clearly contradicts the conclusions. The Fla. Bar v. Miele, 605 So.2d 866, 868 (Fla. 1992).
The Bar has failed to meet its burden as to the improper solicitation allegations involved in Case No. 79,522 and the Notice of Inclusion. Although the Bar points out evidence to support its version of the facts, it ignores contradictory evidence in the record. The Bar is essentially asking this Court to reweigh the evidence and reach different findings of fact, which we will not do. MacMillan. After reviewing the record, we conclude that the referee's findings are supported by competent, substantial evidence.
The Court's scope of review is broader when it reviews a referee's recommendation for discipline because the Court ultimately has the responsibility to order an appropriate sanction. The Fla. Bar v. Anderson, 538 So.2d 852, 854 (Fla. 1989). A bar disciplinary action must serve three purposes: the judgment must be fair to society, it must be fair to the attorney, and it must be severe enough to deter other attorneys from similar misconduct. The Fla. Bar v. Pahules, 233 So.2d 130, 132 (Fla. 1970).
The Bar contends that the recommended discipline of a public reprimand, six months probation, and attending an ethics course is not appropriate in light of the violations that Rue committed in this case. The referee found Rue guilty of the following misconduct: sharing fees with non-lawyers; providing financial assistance to clients; engaging in business transactions with clients without the required disclosure; and seeking and collecting prohibited fees.
In light of the multiple misconduct involved and the nature of the misconduct, we agree with the Bar that the more severe sanction of suspension is warranted in this case. See Fla.Stds.Imposing Law.Sancs. 4.32 (suspension appropriate when lawyer knows of conflict of interest and does not fully disclose to client), 7.2 (suspension appropriate when lawyer knowingly engages in conduct that is a violation of duty owed as professional).
However, we do not agree with the Bar that Rue should be suspended for three years. In mitigation, the referee found that Rue has no prior disciplinary record and that he removed the improper clauses from his *1083 contracts when questioned by the Bar. See Fla.Stds.Imposing Law.Sancs. 9.32(a), (d) (factors which may be considered in mitigation include absence of prior disciplinary record and timely good faith effort to make restitution or to rectify consequences of misconduct). The referee also specifically found that Rue had not used the improper contract provisions in a punitive or coercive manner against his clients.
Based upon the facts presented, we find a ninety-one day suspension to be the appropriate sanction in this case. Rue shall also be required to prove his rehabilitation and take and pass the professional responsibility portion of the Bar exam. Following this suspension, Rue shall be placed on probation for two years. This sanction would serve all three purposes of discipline. It is fair to society because it penalizes Rue for his misconduct; it is fair to Rue because it emphasizes his responsibilities as a lawyer yet is not unduly harsh; and it is severe enough to deter other attorneys from similar misconduct. See The Fla. Bar v. Lawless, 640 So.2d 1098 (Fla. 1994).
We agree with the referee's recommendations regarding the assessment of costs in this proceeding. Rue shall only be charged one-half of the investigation and transcript costs, but shall pay all other costs of this proceeding.
Rue has filed a cross-petition for review of the referee's denial of his motion to dismiss the disciplinary proceedings, based upon the Bar's alleged failure to strictly comply with the Rules Regulating The Florida Bar regarding complaints. Specifically, Rue contends that the Bar violated Rule Regulating The Florida Bar 3-7.3(c) when it investigated matters brought to the Bar's attention by two attorneys who did not make their statements under oath. The Bar contends that the attorney statements were "inquiries" under rule 3-7.3(b) and that the Bar initiated the complaint against Rue based upon affidavits filed by clients.
Rule 3-7.3 was adopted by this Court in 1990. The Fla. Bar re Amend. to the Rules Regulating The Fla. Bar, 558 So.2d 1008, 1010-11 (Fla. 1990). As explained by this Court, the rule "differentiates between inquiries into professional conduct and complaints and sets forth the procedures to be followed for each." Id. The rule requires bar counsel to review inquiries and determine whether the alleged conduct would constitute a violation of the rules that would warrant imposition of discipline. See rule 3-7.3(a). Rule 3-7.3(c) provides that "[a]ll complaints except those initiated by The Florida Bar, shall be in writing and under oath."
Under the circumstances of this case, we do not find that the Bar violated rule 3-7.3 by investigating inquiries that were not under oath. Therefore, we find no error in the referee's denial of Rue's motion to dismiss the disciplinary proceedings.
Accordingly, Rue is hereby suspended from the practice of law for ninety-one days. He shall petition this Court for reinstatement, and must prove rehabilitation. As a condition of rehabilitation, Rue shall take and pass the ethics portion of the Florida bar exam and pay all costs associated with the exam. Rue shall also be on probation for two years following the suspension. This sanction will be effective thirty days from the filing of this opinion so that Rue can close out his practice and protect the interests of existing clients. If Rue notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Rue shall accept no new business from the date this opinion is filed. Judgment is entered against Rue for costs in the amount of $8,992.56, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
WELLS, J., recused.