PER CURIAM.
We have for review the referee’s findings and recommendation that John D. Rue’s petition for reinstatement to membership in The Florida Bar be granted. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed below, we approve the referee’s report and grant Rue’s petition for immediate reinstatement.
In an opinion dated October 20, 1994, this Court suspended Rue for 91 days for various offenses including: advancing living expenses to clients, conducting business transactions with clients without proper disclosure, sharing fees in the form of improper bonuses with his paralegal and investigators, and seeking and collecting prohibited fees. Florida Bar v. Rue, 643 So.2d 1080, 1083 (Fla. 1994). We ordered that the suspension take effect 30 days from the date of the opinion and that readmission be contingent upon Rue proving rehabilitation and passing the professional responsibility section of the bar exam.[1] Id. We also ordered that Rue remain on probation for two years following the suspension. Id. On October 26, 1994, Rue notified this Court that he was on vacation and had not engaged in the practice of law since October 20, 1994, and requested that we change the effective date of the sanction to October 20. By separate order, we granted this request.
Subsequently, on January 10, 1995, ten days before the end of the 91-day suspension, Rue filed a petition for leave to file an early petition for reinstatement and an accompanying petition for reinstatement, asserting that he had satisfied the remaining conditions for reinstatement. We granted the petition to file an early petition for reinstatement. Thereafter, Rue petitioned the referee for an expedited final hearing. The Bar objected, stating that it needed more time to investigate Rue’s conduct during the suspension period. The referee denied Rue’s motion and set final hearing for March 8, 1995. On March 2, 1995, the Bar obtained a continuance until May 2, 1995.
At the final hearing on May 2, 1995, the Bar objected to Rue’s reinstatement, asserting that Rue had engaged in a number of improper activities during his suspension. The Bar alleged that Rue had: (1) obtained an immediate suspension from this Court by misstating the status of his wind-down from practice; (2) engaged in advertising holding himself out to the public as a practicing attorney in good standing; (3) remained a member of the board of directors of Rue and Ziffra, P.A., which continued on file with the Secretary of State; (4) remained on the title of Rue and Ziffra’s bank accounts until shortly before the final hearing; and (5) evidenced ill-feelings toward the Bar. The Bar also *1321 alleged that Rue failed to correct an erroneous newspaper article identifying Rue as a founding partner of the newly-formed law firm of Allan L. Ziffra, P.A.
On May 12, 1995, the referee filed his report finding that Rue had proven, by clear and convincing evidence, the required elements of rehabilitation set out in In re Dawson, 131 So.2d 472 (Fla.1961).[2] The referee found that Rue: (1) had complied with this Court’s rules governing the closing of his practice and his employment while suspended, (2) is held in high esteem in his community, (3) has an excellent reputation for professional ability, (4) bears no malice toward this Court or the Bar for disciplining him, and (5) regrets his misconduct and will not repeat it. Accordingly, the referee recommended that: (1) Rue be immediately reinstated to the practice of law; and (2) Rue pay all costs reasonably incurred by the Bar.
The matter is now before this Court for review of the referee’s findings and conclusions. The Bar again opposes reinstatement, renewing the allegations it raised before the referee and recommending that Rue remain suspended until a period of 91 days has passed from the date Rue can demonstrate strict compliance with the terms of his suspension.
“A referee’s findings of fact carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record.” Florida Bar re Janssen, 643 So.2d 1065, 1067 (Fla.1994). Upon a review of the record, we find that the decision of the referee below is supported by competent substantial evidence.
While the Bar’s contentions are not entirely without merit, we do not agree that they warrant overturning the referee’s findings to further prolong these proceedings. In light of the deference that this Court extends to a referee’s findings and considering that the 91-day suspension imposed by this Court has effectively become a one-year suspension, we are inclined to defer to the referee’s determinations.
However, we caution that while Rue’s conduct during his suspension does not merit overturning the referee’s findings and further prolonging these proceedings, his actions are nonetheless troubling. While we disagree with the Bar’s assertion that Rue has “thumbed his nose at this Court’s rules,” we find evidence in the record suggesting that Rue has been less than zealous in his efforts to comply with our disciplinary order. This evidence further suggests that Rue has failed to exhibit the level of commitment and initiative that this Court expects of a suspended attorney seeking reinstatement. It is apparent that the referee gave Rue the benefit of the doubt in spite of this evidence.
We therefore approve the referee’s report. John D. Rue is hereby reinstated to the practice of law in Florida.[3] Judgment for $375.20 ($1,125.20 for the Bar’s costs in this proceeding less $750 credit for Rue’s deposit) is hereby entered against John D. Rue, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

. Rue timely paid the costs assessed against him and passed the professional responsibility exam. The only issue now before us is whether he is rehabilitated.

. Dawson sets out six criteria to consider in assessing an attorney’s rehabilitation. Only five are applicable to the instant case: (1) strict compliance with the conditions of the disciplinary order; (2) evidence of unimpeachable character and good standing in the community; (3) a good reputation for professional ability; (4) lack of malice toward those responsible for enforcement of bar rules; (5) repentance and an intention to avoid future impropriety. Id. at 474.

. Of course, our previous imposition of two years of probation remains in effect.