PER CURIAM.
We have for review the referee’s report recommending that Ana Hernandez-Yanks be reinstated to The Florida Bar (the Bar). We have jurisdiction. Art. V, § 15, Fla. Const. We approve the report.
The referee made the following findings of fact concerning Hernandez-Yanks’ petition for reinstatement:
1. Petitioner is thirty-three years old, married and the mother of two children ages seven and five.
2. Petitioner was admitted to The Florida Bar in 1986, and entered the private practice as a sole practitioner. In the beginning of her career, her practice was in the area of criminal law.
3. In 1987 Petitioner married. The following year she moved her office into the same office space which she shared with her husband who was a licensed mortgage broker. Thereafter, she became involved with some real estate matters involving her husband’s mortgage broker business.
4. Petitioner concentrated mainly in Bankruptcy law between 1990 and 1993.
5. Petitioner was 19 years old when she graduated college, and 22 years old when graduating from law school and admitted to The Florida Bar.
6. The report of Referee accepting consent judgment imposed as disciplinary measures (a) one year suspension with proof of rehabilitation (b) payment of costs to The Florida Bar (c) restitution in Circuit Court Dade County Case No. 88-49277-16 and (d) restitution of any forthcoming Client Security Fund.
7. Petitioner was suspended for one year period beginning April 29, 1993. However, since she was unable to pay the costs judgment of The Florida Bar until August 1995, she did not apply for readmission until September 1995.
8. Petitioner has paid all the costs, with interest, to The Florida Bar.
9. Petitioner has paid restitution to the proper parties in Case No. 88-49277(16), in the Circuit Court of Dade County, Florida.
10. No claims have been made to the Client Security Fund involving or against Petitioner.
11. Petitioner has complied with all the conditions of her suspension order, includ *1271 ing filing all required employment reports with The Florida Bar.
12. Petitioner was hired as a secretary/paralegal by the law firm of Dubbin, Berkman, Bloom & Karan in September 1993 and remained in such employment until the law firm dissolved in September 1994. During such time, attorney Leonard Gorman was of counsel to the firm, and she worked part of the time for him.
13. From October 1, 1994, through the present time, Petitioner has worked for attorneys Leonard Gorman and Andrew Parrish who share office space in Coral Gables, Florida. She has continued to work for both attorneys as a secretary/paralegal.
14. Since the date of suspension, no complaints have been made against the Petitioner with The Florida Bar.
15. Petitioner’s witness, Murray Dubbin, has been a member of The Florida Bar for 45 years; served on the Ethics Committee of The Florida Bar; served in the Florida Legislature as a Legislator; and currently is the City Attorney of Miami Beach and the City of North Bay Village.
16. The referee accepts the testimony of attorney Murray Dubbin with regard to his opinions of Petitioner, and that she is a person of good moral character and is fit to resume to the practice of law.
17. The referee also accepts the testimony of attorneys Andrew Parrish, Leonard Gorman, and Martha Block, with regard to their opinions of the Petitioner, including that she is of good moral character; fit to resume to the practice of law; and professionally competent and capable.
18. The testimony presented by Bar counsel of attorney Holly Moody was not relevant and probative to these proceedings. Attorney Holly Moody had represented the parties whose complaints led to Petitioner’s suspension. She has had no dealings with the Petitioner since her suspension. Her opinion as to Petitioner’s professional ability was based solely on her involvement in the matter that led to the suspension.
19. The testimony presented by Bar counsel of attorney Jim Coad was not relevant to the issues involved in these proceedings. He had no personal knowledge of the Petitioner either before or after her suspension. His testimony covered his opinions concerning the legal documents and charges on the real estate closing statement which was the subject matter that led to her suspension.
20. Petitioner maintained a joint checking account with her husband from April 1993 through October 1995. Nearly all of the checks written on the checking account were made by her husband.
21. That during the above time period, five (5) cheeks Petitioner wrote were returned for insufficient funds, and two (2) checks were returned for uncollected funds. One of the returned checks was to her employer, Dubbin, Berkman, et al. for health insurance. Petitioner did not know the available balances when the checks were written, and further, all of the checks were subsequently paid to each payee. There was no detriment or loss caused to any of the payees.
22. The testimony of Petitioner’s employers, all of whom are commercial attorneys, is that she is of good moral character with professional ability and competence to practice law.
23. Petitioner has not exposed or shown any ill will towards those responsible for the disciplinary action that led to her suspension.
24. Petitioner is fit for a position of trust and confidence.
25. Petitioner presented competent evidence of her capacity as a competent attorney and professional ability.
26. The testimony of attorney Martha Block shows that Petitioner was a competent attorney before her suspension. Attorney Block, worked for the U.S. Trustee in Bankruptcy, Stephen Freedman, who now is a U.S. Bankruptcy Judge. By coincidence, attorney, Block, met Petitioner again after her suspension, when they both worked for attorney, Andrew Parrish.
*1272 27. Petitioner has expressed remorse for her wrongdoing and accepted the discipline imposed.
28. Petitioner is current with all CLE requirements.
29. Petitioner has expressed sincere remorse and an honest desire to comply with any conditions imposed as a condition of reinstatement.
30. Petitioner is rehabilitated and does not pose a harm to the public.
31. Petitioner has a sincere desire to return to the practice of law and conduct herself as an attorney in an exemplary fashion.
The Bar takes issue with the above findings of fact, claiming that the referee erred by improperly disregarding Hernandez-Yanks’ handling of her checking account. The Bar also claims that Hernandez-Yanks failed to show good reputation by clear and convincing evidence and failed to show rehabilitation. We disagree.
This Court has held that in Bar disciplinary proceedings “[t]he party contending that the referee’s findings of fact ... are erroneous carries the burden of demonstrating that there is no evidence in the record to support those findings.” Florida Bar v. Spann, 682 So.2d 1070, 1073 (Fla.1996) (emphasis added). In the present case the Bar, as the challenging party, has failed to meet this burden. In fact, our review of the record shows that competent substantial evidence supports each of the referee’s findings. Accordingly, “this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee.” Florida Bar v. Mac-Millan, 600 So.2d 457, 459 (Fla.1992). We approve the referee’s findings of fact.
Based on the above findings of fact, the referee made the following recommendations:
Based upon the evidence presented at the hearing and upon the foregoing Findings of Fact, I make the following recommendations:
1. That Petitioner, Ana Hernandez-Yanks, be reinstated as a member in good standing of The Florida Bar.
2. The Petitioner attend The Florida Bar sponsored seminar known as Professional Practice and Responsibility Enhancement Program within one year from the date she is readmitted, and provide proof to The Florida Bar that she undertook and attended such course.
3. That Petitioner, for a period of two years, shall file quarterly reports with The Florida Bar notifying them that either she does not maintain a trust account or strictly comply with all trust accounting procedures and provide The Florida Bar with quarterly trust account records.
4. That prior to Petitioner establishing a trust account, she is to give written notice to The Florida Bar of her intent to do so, and provide the name and address of such financial institution, and further, comply with any conditions that The Florida Bar my impose.
5. That Petitioner be required to complete thirty (30) hours of C.L.E. credit in real estate (real property) law and procedure before being permitted to handle any real estate transaction.
While the Bar opposes Hernandez-Yanks’ reinstatement, we note that each of the grounds cited by the Bar for denial was before the referee when he formulated his report. Because the referee’s findings are supported by competent substantial evidence and because the recommendation of reinstatement has a basis in existing caselaw, we will not second-guess the referee on this matter. See Florida Bar re Rue, 663 So.2d 1320 (Fla.1995) (referee’s recommendation of reinstatement approved under more onerous, i.e., “troubling,” circumstances).
Ana Hernandez-Yanks is hereby reinstated to the practice of law in Florida subject to the following conditions. 1) She must attend within one year of reinstatement the Florida Bar-sponsored program known as the Professional Practice and Responsibility Enhancement Program and provide proof to the Bar that she satisfactorily completed this course. 2) She must, for a period of two years following reinstatement, file quarterly reports with the Bar notifying the Bar of her trust account status. 3) She must, for two years following reinstatement, notify the Bar of her intent to establish a trust account prior to establishing one. 4) She must com- *1273 píete thirty hours of C.L.E. credit in real estate law before handling any real estate transactions.
Judgment for costs in the amount of $4,148.72 is entered in favor of The Florida Bar against Ana Hernandez-Yanks, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
WELLS, J., dissents with an opinion.